IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**BRADEN BRADEN, CARLOS GONZALEZ II,**          PLAINTIFFS
**FRANCISCO LOPEZ, JAMES REEVES** and
**GERARDO SEPULVEDA**, Each Individually and
and on behalf of All Others Similarly Situated

vs.                                  No. 7:20-cv-178

**TDJ OILFIELD SERVICES, LLC,**                 DEFENDANTS
and **JOEY MOORE**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Braden Braden, Carlos Gonzalez II, Francisco Lopez, James Reeves and Gerardo Sepulveda, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants TDJ Oilfield Services, LLC, and Joey Moore (collectively "Defendant" or "Defendants"), and in support thereof they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiffs, each individually and on behalf of all other Salaried Oil Field Workers employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and other Salaried Oil

Field Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

4. Plaintiffs and the members of the proposed class were, at times, misclassified by Defendants as salaried employees and as exempt from the overtime provisions of the FLSA.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff Braden Braden is an individual and a resident of South Carolina.

9. Plaintiff Carlos Gonzalez II is an individual and a resident of Texas.

10. Plaintiff Francisco Lopez is an individual and a resident of Texas.

11. Plaintiff James Reeves is an individual and a resident of Louisiana.

12. Plaintiff Gerardo Sepulveda is an individual and a resident of Texas.

13. Defendant TDJ Oilfield Services, LLC ("TDJ"), is a for-profit, foreign limited liability company created and existing under and by virtue of the laws of the State of Louisiana, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

14. Defendant TDJ's principal address is 5857 U.S. 80, Princeton, Louisiana 71037, with business locations in Odessa and San Antonio, Texas.

15. Defendant TDJ's registered agent for service of process in the State of Texas is Janice F. Wyatt, 5006 E. End Blvd., S. Marshall, Texas 75672.

16. Defendant Joey Moore ("Moore") is Head of Operations of TDJ, and is an individual who resides in the State of Louisiana.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

18. TDJ was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19. TDJ's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20. During each of the three years preceding the filing of this Complaint, TDJ employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for

commerce by any person, including goods or materials typically used in the oil and gas industry.

21. Moore controls the day-to-day operations of TDJ such that he is liable to Plaintiffs as an employer under the FLSA.

22. Moore established and maintained the policies at issue in this case.

23. Moore was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. Within the relevant time period, Plaintiffs were classified by Defendants as exempt from overtime wages and paid a salary.

25. Plaintiffs were employed by Defendants as a Salaried Oil Field Workers and were employed to work in Texas within the three (3) years preceding the filing of this Original Complaint.

26. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

27. Within the time period relevant to this case, Plaintiffs worked for Defendants as a Salaried Oil Field Workers.

28. Within the time period relevant to this case, Plaintiffs and other similarly situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendants.

29. Within the time period relevant to this case, Plaintiffs and other similarly situated employees were misclassified as exempt and paid a salary.

30. Plaintiffs and other similarly situated employees never agreed that their salary would be sufficient to cover all hours worked.

31. Upon commencement of work at Defendants, Plaintiffs and other similarly situated employees did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

32. In performing their services for Defendants, Plaintiffs and other similarly situated employees were not required to utilize any professional education relevant to their job duties.

33. Plaintiffs and other similarly situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

34. During the course of their employment, Plaintiffs and other similarly situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

35. Plaintiffs and other similarly situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiffs and other similarly situated employees had no ability to hire and fire any employee.

36. Plaintiffs and other similarly situated employees did not have any control of or authority over any employee's rate of pay or working hours.

37. Plaintiffs and other similarly situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

38. Plaintiffs and other similarly situated employees did not have any responsibility for planning or controlling budgets.

39. Defendants did not pay Plaintiffs and other similarly situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

40. Plaintiffs worked for Defendants in various places in Texas and Defendants' pay practices were the same at all locations.

41. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and their other Salaried Oil Field Workers violated the FLSA.

42. Plaintiffs and other Salaried Oil Field Workers for Defendants routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Salaried Oil Field Workers and/or who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case. The Collective Class is defined as follows:

**All Salaried Oil Field Workers employed by Defendants, including Superintendents and similar positions, within the past three years.**

44. This group includes salaried workers employed in states where Defendants do business. Defendants failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiff, and are owed overtime for the same reasons.

45. Plaintiffs allege that Defendants failed to pay Plaintiffs and members of the proposed collective an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendants paid Plaintiffs and members of the putative collective a salary with no overtime premium.

46. The proposed FLSA collective members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform misclassification of them as exempt employees under the FLSA; and

B. Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

47. Plaintiffs are unable to state the exact number of the class but believe that the classes membership exceeds 20 persons but is less than 120 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

49. The email addresses or cell phone numbers of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

50. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

51. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

52. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

54. Defendants intentionally misclassified Plaintiffs as exempt from overtime compensation.

55. Defendants deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

56. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

59. Plaintiffs repeat and re-allege all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

60. Defendants required Plaintiffs and similarly situated members of the collective to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the collective members overtime compensation for all of the hours in excess of forty (40) in each workweek.

61. Defendants deprived Plaintiffs and the collective members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

62. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

64. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and similarly situated members of the collective as provided by the FLSA, Plaintiffs and similarly situated members of the collective are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, each individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

A.   That each Defendant be summoned to appear and answer herein;

B.   That each Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C.   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

G.	An order directing Defendants to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.	Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BRADEN BRADEN, CARLOS GONZALEZ, FRANCISCO LOPEZ, JAMES REEVES and GERARDO SEPULVEDA, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com